Hillsborough, }
  June, 1900. }

HEDDING v. GALLAGHER & a.

70   631
872  395

BILL IN EQUITY, for an injunction. After the decision in this case reported in 69 N. H. 650, the plaintiff amended the bill by adding the following: "And the plaintiff further says, on information and belief, that said defendants have not gone, and do not go, upon the said passenger station grounds, and within said passenger station building and the approaches thereto, as aforesaid, for the purpose of obtaining terms, facilities, and accommodations for the transportation of themselves or their property, or that of their patrons, over the said Boston & Maine Railroad; that all railroads entering the city of Manchester converge at said passenger station, and that the baggage of passengers arriving upon any of said railroads is transferred to connecting lines by the servants of said Boston & Maine Railroad for such passengers, and that said defendants in going upon said passenger station grounds and within said passenger station building and the approaches thereto, as aforesaid, have not done so, and do not do so, for the purpose of transferring the baggage of passengers from one line of said Boston & Maine Railroad to another, or to any other railroad or common carrier of passengers; that said defendants claim to be common carriers of baggage, packages, and parcels, doing business within the city of Manchester, but that none of them have obtained legislative authority to enter upon the passenger station grounds and within said passenger station building and the approaches thereto of the said Boston & Maine Railroad, and make use of the same for the purpose of making connections with the said Boston & Maine Railroad and forwarding the baggage and parcels of arriving passengers by means of the defendants' alleged connecting lines of transportation, nor have they entered into any contract with the said Boston & Maine Railroad by which they have acquired the right and privilege of so doing, but claim the right and privilege without legislative authority, and without the consent of the said Boston & Maine Railroad, for the purpose and object of prosecuting and carrying on their business as such alleged common carriers, of soliciting and carrying the baggage and parcels of passengers arriving at said station on the lines of said Boston & Maine Railroad." To the bill as amended the defendants demurred.

*Oliver E. Branch*, for the plaintiff.

*Sullivan & Broderick*, for the defendants.

PIKE, J. The only question raised by the amended case is whether or not the plaintiff's contract with the railroad is such as to enable him to maintain this bill against the defendants, who, claiming to be common carriers, without legislative authority or without agreement with the railroad and against its protests, subject its property and grounds at Manchester to the purposes of carrying on their private business of soliciting and carrying baggage from the station over the streets and highways of the city of Manchester. This question was decided in the former case (*Hedding* v. *Gallagher*, 69 N. H. 650), and is not now open for consideration.

*Demurrer sustained.*

PEASLEE, J., did not sit: the others concurred.